UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Scott Foor,** | ) | **CASE NO.  1:12 CV 1754** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **The City of Cleveland,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon plaintiff's Motion for Partial Summary Judgment (Doc. 36) and defendant's Motion for Summary Judgment (Doc. 38).  This case arises out of a Notice of Liability plaintiff received from the City of Cleveland in May 2011 for a speeding violation under the automated traffic enforcement camera system.  For the following reasons, plaintiff's motion is DENIED and defendant's motion is GRANTED.

**Facts**

Plaintiff Scott Foor filed his Class Action Complaint in the Cuyahoga County Court of

1

Common Pleas against defendant City of Cleveland.[1]  The matter was removed to this Court on the basis of federal question jurisdiction.

The underlying facts as generally set forth by defendant are not in dispute. On June 22, 2005, the City of Cleveland passed emergency Ordinance No. 1183-05 in order to amend Cleveland Codified Ordinance (C.C.O.) § 413.031. C.C.O. §413.031 concerns the use of automated cameras to impose civil penalties upon red light and speed violators. C.C.O. § 413.031 established the locations for the automated traffic enforcement camera system and located a camera on Chester Avenue at East 71st Street. C.C.O. § 413.031 also established an appeals process to contest tickets issued under the automated traffic enforcement camera system and allowed adverse decisions to be appealed.  Ohio Revised Code § 2506.01 provides that a party may appeal a quasi-judicial administrative determination to the court of common pleas. *Carroll v. City of Cleveland,* 2013 WL 1395900 (6th Cir. April 5, 2013).

On May 4, 2011, plaintiff, a resident of Perrysburg, Ohio, was traveling eastbound within the City of Cleveland on Chester Avenue near the intersection of East 71st Street. The posted speed limit on Chester Avenue near the intersection is 35 mph. Plaintiff was traveling at 47 mph as he passed through the intersection of East 71st Street at 3:56 p.m.  On May 25, 2011, plaintiff received a Notice of Liability under C.C.O. § 413.031.  Plaintiff was cited for speeding and fined $100.00 for the violation.  At deposition, plaintiff stated that he did not dispute that he owned the vehicle and was driving the vehicle at the time of the infraction, or that he was traveling in excess of 35 mph.

Plaintiff requested a hearing before the Parking Violations Bureau to contest his

---

[1] Other defendants were named and subsequently dismissed.

2

ticket. The hearing took place on June 21, 2011 and was heard by a City of Cleveland hearing examiner/officer. At the hearing, the hearing examiner presented evidence in the form of the Notice of Liability to support the infraction. Plaintiff presented his defense to the infraction and argued that the correct speed limit at the intersection is 50 mph because Chester Avenue is a state highway within a municipal corporation. The hearing examiner rejected this argument and found plaintiff liable for the citation.

Plaintiff filed for an administrative appeal of the hearing officer's decision to the Cuyahoga County Court of Common Pleas on July 20, 2011. Plaintiff argued in his brief that the posted speed limit of 35 mph at the intersection is unlawful because the correct prima facie speed limit is 50 mph given that Chester at East 71st Street is a state route outside an urban district and the City had failed to file the required procedure for altering that speed limit. Plaintiff also argued that C.C.O . § 413.031 is unconstitutional. By journal entry of February 8, 2012, the Cuyahoga County Court of Common Pleas dismissed plaintiff's administrative appeal. The court ruled that it lacked jurisdiction under Ohio Revised Code (O.R.C.) § 2505.07 to hear the appeal because service on the City's Parking Violations Bureau was not timely achieved. The court dismissed the appeal with prejudice. Plaintiff did not further appeal the decision. He then paid the $100.00 fine.

The First Amended Class Action Complaint sets forth ten claims: unjust enrichment, restitution, conversion, injunction, procedural due process[2], substantive due process, declaratory relief, civil conspiracy, joint enterprise, and negligence.

---

[2] Count Five, entitled Procedural Due Process, is the sole federal claim. It alleges that C.C.O. § 413.031 violates procedural due process protections of the Fifth and Fourteenth Amendments to the United States Constitution.

This matter is now before the Court upon plaintiff's Motion for Partial Summary Judgment and defendant's Motion for Summary Judgment.

**Standard of Review**

Summary Judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)). A fact is "material only if its resolution will affect the outcome of the lawsuit." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party. Federal Rule of Civil Procedure 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of [his] pleadings, but [his response], by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is genuine issue for trial. If he does not respond, summary judgment, if appropriate, shall be entered against him.

The court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th

Cir. 1995) (citation omitted); *see also United States v. Hodges X-Ray, Inc.,* 759 F.2d 557, 562 (6th Cir. 1985).  However, the nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox*, 53 F.3d at 150.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322).  Accordingly, "the mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (quoting *Anderson*, 477 U.S. at 52 (1986)).  Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citation omitted).

**Discussion**

The parties filed cross motions for summary judgment.  Plaintiff moved for partial summary judgment solely on the issue of the speed limit at the subject intersection of Chester Avenue and East 71st Street.  In sum, plaintiff argues as follows.  Ohio Revised Code sets forth prima facie speed limits which cannot be modified by the City unless certain specified procedures are followed. As applicable here, state routes within municipal corporations outside urban districts are 50 mph.  Chester is a state route within a municipal corporation and is outside an urban district.  Ohio Revised Code defines "state route" as "every highway that is designated with an official state route number and so marked."  Chester meets these requirements.  Chester is a state route because it has been designated as such by the state of

Ohio as evidenced by 1) the 1969 Ohio Department of Highway's *Listing of Ohio Route Numbers* which lists Chester, aka U.S. 322, as a state route and 2) the 1993 Ohio Department of Transportation (ODOT) publication entitled *Route Number Cross References* which includes Chester in its states routes chapter under the column heading State Route Number. Chester has been marked as a state route because 1) there exits a "S.R. 322" sign along Chester and 2) according to plaintiff's expert, the U.S. Route 322 shield sign is a type of state route sign.    Ohio Revised Code defines "urban district" as the "territory contiguous to and including any street or highway which is built up with structures devoted to business, industry, or dwelling houses situated at intervals of less than one hundred feet for a distance of a quarter of a mile or more, and the character of such territory is indicated by official traffic control devices."  Because the buildings within a quarter of a mile of Chester and East 71st are predominately spaced more than 100 feet apart, Chester in the vicinity of the intersection is outside an urban district.  In other words, because the structures surrounding the intersection are spaced further than 100 feet apart for a quarter mile or more along Chester, it is outside an urban district.  Thus, because the applicable speed limit is 50 mph and the City did not follow the procedures for modifying it, the posted speed limit of 35 mph is void and plaintiff was unlawfully ticketed as was the proposed class consisting of people who were operating their vehicles between and including 35 mph and 50 mph on Chester at East 71st Street.  The City's actions are unlawful under *Mendenhall v. Akron,* 117 Ohio St.3d 33 (2008), which held that "[a]n Ohio municipality does not exceed its home rule authority when it creates an automated system for enforcement of traffic laws that imposes civil liability upon violators, provided that the municipality does not alter statewide traffic regulations."  When the City used section

6

(g) (identifying "locations" for the cameras) of C.C.O . § 413.031 to enforce a 35 mph speed limit, it altered statewide traffic regulations. [3]

Defendant moved for summary judgment arguing that plaintiff's claims are barred by *res judicata* because plaintiff is attempting to re-litigate the issues that he raised, or could have raised, in his administrative hearing and the common pleas court. Additionally, the City maintains that even if he could overcome the procedural bar, plaintiff's claims fail because Chester is not a state route and it is not outside an urban district. Therefore, 50 mph is not the applicable speed limit for the subject intersection. The City further argues that plaintiff's state law claims and those regarding the constitutionality of C.C.O. § 413.031 also fail.

The Court must first determine whether plaintiff's claims are procedurally barred. If they are, the Court need not reach the merits of plaintiff's claims.

Defendant argues that plaintiff's claims are barred by *res judicata*, which involves both claim preclusion and issue preclusion. Claim preclusion "makes an existing final judgment or decree between the parties to litigation ... conclusive as to all claims which were or might have been litigated in a first lawsuit." *Carroll v. City of Cleveland,* 2013 WL 1395900 (6th Cir. April 5, 2013) (quoting *Nat'l. Amusements, Inc. v. City of Springdale*, 53 Ohio St.3d 60 (1990)). "Under Ohio law, a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Id.* (citing *Grava v. Parkman Twp*., 73

---

[3] Plaintiff also contends that this is not the first time that the City has unlawfully reduced the prima facie speed limits on streets. Plaintiff submits a 2004 *Cleveland Plain Dealer* article stating that the City had raised the speed limit on numerous streets after determining that the posted speed limits did not comport with state law. (Doc. 36 Ex. 40)

Ohio St.3d 379 (1995)). Four elements are required to establish claim preclusion:

> (1) a prior final, valid decision on the merits by a court of competent jurisdiction.
>
> (2) a second action involving the same parties, or their privies, as the first.
>
> (3) a second action raising claims that were or could have been litigated in the first action.
>
> (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.

*Id.* (citing *Hapgood v. City of Warren*, 127 F.3d 490 (6th Cir. 1997)). The party asserting claim preclusion bears the burden of proof. *Id.* (citations omitted). Defendant maintains that each element is met. Plaintiff asserts that no element is met. For the following reasons, the Court agrees with defendant.

Plaintiff contends that the first element is not met because the Common Pleas Court dismissed on procedural grounds and not on the merits, and the Parking Violations Bureau decision was not issued by a court of competent jurisdiction.

*Res judicata* applies to quasi-judicial decisions of administrative agencies. *Grava, supra, Lasko v. G.M.C.,* 2003 WL 21782622 (Ohio App. 11th Dist. 2003). "The Ohio Supreme Court has explained that the civil hearing process provided by C.C.O. 413.031 'involves the exercise of quasi-judicial authority.' " *McCarthy v. City of Cleveland*, 2011 WL 4383206 (N.D.Ohio Sept. 20, 2011) (citing *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324 (2006) ) (other citations omitted). In *Grava,* the Ohio Supreme Court reiterated that *res judicata* "applies to administrative proceedings that are of a judicial nature and where the parties have had an ample opportunity to litigate the issues involved in the proceeding." *Grava,* 73 Ohio St.3d at 381.  The Sixth Circuit has recognized that "*res judicata* applies to

8

administrative actions, where a party has failed to properly appeal the administrative ruling under R.C. 2506.01." *Brunswick Hills Twp. Bd. of Trustees v. Ludrosky*, 972 N.E.2d 132 (Ohio App. 9th Dist. 2012) (citing *Green v. Akron*, 1997 WL 625484 (Ohio App. 9th Dist. Oct. 1, 1997). Claim preclusion is "applicable to actions which have been reviewed before an administrative body, in which there has been no appeal made pursuant to R.C. 2506.01." *Carroll, supra* (citing *Wade v. City of Cleveland*, 8 Ohio App.3d 176 (8th App. Dist.1982)).

In *Carroll,* plaintiffs received traffic citations from the City of Cleveland automated cameras. Plaintiffs paid their fines, admitting liability for their offenses. Plaintiffs, however, had leased their cars and were not vehicle owners. An Ohio appellate court later determined lessees could not be fined under the ordinance. Plaintiffs then filed a class-action lawsuit ultimately alleging due process claims. The district court dismissed on claim preclusion grounds and the decision was affirmed.

As to the first element of the *res judicata* analysis, the district court in *Carroll* determined that plaintiffs were given a full and fair opportunity to present their claims pursuant to C.C.O. § 413.031 and O.R.C. § 2506.01 but chose not to contest their liability and, therefore, lost their opportunity to make their claims. Plaintiffs did not receive an administrative hearing because they admitted their offenses by paying their fines, thereby conceding civil liability. The Sixth Circuit agreed that the first element of the *res judicata* analysis had been met:

> Our first question is whether there is a final judgment when a litigant admits liability by paying his traffic fine, and the City accepts his payment. There is: "Generally, a consent judgment operates as *res adjudicata* to the same extent as a judgment on the merits." *Horne v. Woolever*, 170 Ohio St. 178 (1959). The preclusive effect of a final judgment, in other words, "does not change simply because the parties resolved the claim without vigorously controverted proceedings." *Scott v. City of East Cleveland*,

9

> 16 Ohio App.3d 429 (Ohio Ct.App.1984). This is so both when the prior proceeding was in court, see generally *Woolever*, 170 Ohio St. 178, 163 N.E.2d 378, and when the prior proceeding was a quasi-judicial administrative process, see generally *Scott*, 476 N.E.2d at 713.

*Carroll,* 2013 WL 1395900 at * 4.  The court rejected plaintiff's argument that because there was no hearing or evidence presented there was no valid decision by a court of competent jurisdiction:

> Had they chosen to contest the citations, [plaintiffs] would have received ample opportunity to develop the facts surrounding their citations and to present their arguments about the statute's constitutionality, first in an administrative proceeding, then in the Ohio court system. Instead of chancing litigation, [plaintiffs] admitted liability and paid their fines. They may not escape claim preclusion now simply because they resolved the claim without vigorously controverted proceedings. Payment of the fines, and acceptance of that payment by the City, qualifies as a final judgment.

*Id.* (internal quotations and citations omitted).

Here, plaintiff did appeal to the administrative body, he had a hearing, and received an adverse ruling from the Parking Violations Bureau. Plaintiff filed for an administrative appeal in the Cuyahoga County Court of Common Pleas pursuant to Ohio Revised Code § 2506.01 but that court dismissed the appeal for the reason that plaintiff did not comply with the time requirements set forth in the statute.  He then chose not to further appeal the Common Pleas Court decision.  Thus, the decision of the Parking Violations Bureau was a final decision on the merits.  *See also Green v. City of Akron*, 1997 WL 625484 (Ohio App. 9th Dist. Oct. 1, 1997) ("As this court has previously determined, 'once a party elects to use administrative remedies and does not properly appeal from those rulings which are adverse to that party, it is thereafter bound by such rulings under the doctrine of *res judicata.*' ")

Plaintiff asserts that the Parking Violations Bureau should not be considered a final

decision. Plaintiff points to a Hamilton County Court of Common Pleas decision which found the Parking Violations Bureau hearing to be a sham and lacking in due process. *Pruiett v. Village of Elmwood*, No. A1209235 (Hamilton Cty.Ct.CP. March 7, 2013). But that case is distinguishable because, *inter alia* and unlike here, a motorist requesting a hearing to contest his liability had to pay a $25.00 fee and there was evidence that a motorist could go through a speed enforcement area without passing a required warning sign. Additionally, although the court found the hearing to be lacking in due process, the Ohio Supreme Court in *State ex rel. Scott v. City of Cleveland,* 112 Ohio St.3d 324 (2006), recognized that C.C.O. § 413.031 provides "an adequate remedy in the ordinary course of law by way of administrative proceedings... and by appeal of the city's decision to the common pleas court" and that such hearings "involve the exercise of quasi-judicial authority" which "does not require compliance with statutes and rules that, by their own terms, are applicable only to courts."

Nonetheless, contrary to plaintiff's assertion, he was allowed, and did argue to the hearing examiner, that the speed limit should be 50 mph instead of 35 mph because Chester Avenue is a state highway within a municipality and the City had done nothing to have the speed limit reduced.  In fact, this is precisely the argument plaintiff presents in its Motion for Partial Summary Judgment herein. The hearing officer rejected the argument and found plaintiff liable.  Although plaintiff complains that the hearing officer tersely responded, "Well, this is the City," plaintiff could, and did, file for an appeal to the Cuyahoga County Common Pleas Court where he could have presented and developed his arguments.  Plaintiff lost his chance to fully present his claims to the Common Pleas Court when he did not properly perfect the appeal.  But he had the opportunity for judicial review where he would

11

have received ample occasion to make his claims.  Plaintiff's failure to properly perfect his appeal deprived him of this opportunity. Plaintiff then chose not to further appeal the Common Pleas Court's dismissal, and to pay the fine instead.

Plaintiff maintains that he had no opportunity to cross-examine witnesses before the Parking Violations Bureau.  But, the Ohio Court of Appeals for the Eighth Appellate District has recognized that there is no right to cross-examine witnesses at the administrative hearing and that right is preserved at review by the common pleas court.  *City of Cleveland v. Posner,* 193 Ohio App.3d 211 (8th App.Dist. 2011).  Had plaintiff properly appealed to that court he would have had an avenue to call witnesses and present additional evidence.

For these reasons, the decision of the Parking Violations Bureau constitutes a final, valid decision on the merits by a court of competent jurisdiction just as it did in *Carroll.*[4]

With regard to the second element, plaintiff asserts that the proposed class members were not a party to the previous suit.  However, in *Carroll* as well, the plaintiffs "hope[d] to proceed as a class."  This did not change the *res judicata* analysis.  Plaintiff herein asks the Court to "reserve judgment... so that counsel for the proposed class may have an opportunity to properly address the issue."  (Doc. 41 at 5).  The Court rejects plaintiffs' request for the same reason set forth by defendant: "The proposed class would encompass those who like plaintiff challenged their ticket, lost, and paid their fines, as well as those who elected to

---

[4]  Plaintiff refers to *Sevin v. Parish of Jefferson,* 632 F.Supp.2d 586 (E.D.La. 2008), for the proposition that a driver who paid his fine is not precluded from further pursuing his claims in a lawsuit.  But that case was decided under Louisiana, not Ohio, law and it conflicts with the Sixth Circuit decision of *Carroll, supra,* which found that payment of the fine and acceptance of payment by the City did constitute a final judgment.

voluntarily pay the fine as in *Carroll*. Each of those individuals along with the City would be the 'same parties' in the previous actions and this action. If those individuals like plaintiff and those individuals like the *Carroll* plaintiffs are collaterally estopped from challenging their tickets after the fact; then there is no class that can be maintained in this action." (Doc. 45 at 5).  Likewise, in *Green, supra,* the re-characterization of the suit as one on behalf of taxpayers rather than an individual capacity suit as originally brought did not preclude the application of *res judicata* because the second action was still an attempt "to re-litigate the same facts put directly in issue at the administrative hearing."  *Green v. City of Akron*, 1997 WL 625484 (Ohio App. 9th Dist. Oct. 1, 1997). Because plaintiff and the City were the same parties to the first action, this element is met.

As for the third element, plaintiff asserts that this case involves claims that were not or could not have been litigated in the previous action. In particular, plaintiff contends that this suit is a *per se* challenge to the constitutionality of that portion of the Cleveland ordinance which identifies "Chester Ave. at E. 71st St." as a location for the automated traffic enforcement camera system, i.e., C.C.O. 413.031(g).  Moreover, plaintiff points out that the defendant argued in its brief to the Common Pleas Court that plaintiff could not litigate the *per se* challenge to the ordinance in the traffic case, but had to file a separate declaratory judgment action.

A facial constitutional challenge may not be brought in an administrative appeal. An "as applied" challenge should be pursued in the appeal of the administrative decision. As explained in *Posner, supra*:

> When a statute is challenged *on its face*, the challenger must demonstrate that no set of circumstances exists under which the statute would be valid. This is properly raised in

> a declaratory judgment action and is improper in an administrative appeal. The constitutionality of a statute *as applied* to a particular defendant may be raised in an appeal to an administrative decision in a court of common pleas, with the court permitting the parties to offer additional evidence.

*City of Cleveland v. Posner*, 193 Ohio App.3d at 217 (citations omitted) (emphasis added).

Plaintiff maintains that this suit is a *per se* challenge to the constitutionality of a portion of the ordinance, but does not make any argument as to why it is this type of challenge rather than "as applied." Defendant argues that plaintiff is making an "as applied" challenge which could have been raised in the administrative appeal.

The Court agrees with defendant that plaintiff is not making a facial challenge. In order to do so, plaintiff would have to demonstrate that "no set of circumstances exists under which the statute would be valid." As defendant points out, however, even assuming the proper speed limit at Chester and East 71st Street is 50 mph, a person traveling in excess of that speed would still receive a valid notice of liability. Thus, there are a set of circumstances where the ordinance would be valid. In contrast, plaintiff's challenge is "as applied" because, assuming again that the correct speed limit is 50 mph, it would be invalid only as to individuals who were ticketed for traveling in excess of 35 mph but less than 50 mph and the lawsuit deals with them only. As the suit involves an "as applied" challenge, it could have been raised in the administrative appeal and, therefore, the claim could have been litigated in the previous action.

Finally, the fourth element has not been met, plaintiff contends, because this case involves an occurrence (i.e., the *per se* deprivation of plaintiff's constitutional rights) that was not and could not have been litigated below, and it involves a class action involving members not involved in the previous litigation. These arguments have been previously rejected.

14

Furthermore, as stated in *Carroll*:

> Appellants' complaint alleges that the City's collecting automated-traffic-enforcement fines from lessees is unconstitutional. Their allegations begin and end with the issuance of a traffic citation... It is true that some of Appellants' claims rest on evidence or grounds or theories of the case not presented in the first action, or seek remedies or forms of relief not demanded in the first action.  These differences, though, are irrelevant, as a matter of Ohio law. The facts that underlie this suit—the issuance of traffic citations to lessees, rather than owners, of vehicles—are identical to the facts that confronted the plaintiffs when they received their notices of liability.

*Carroll*, 2013 1395900 at *7. So too here, the facts that underlie this suit are identical to those that confronted plaintiff when he received his notice of liability.

Because the four requisite elements are met, *res judicata* bars plaintiff's suit.[5] The Court need not assess whether issue preclusion also bars plaintiff's claims.  Because plaintiff's claims are procedurally barred, the Court need not proceed to the merits of the claims.[6]

### **Conclusion**

For the foregoing reasons, plaintiff's Motion for Partial Summary Judgment is denied

---

[5] Plaintiff also argues that equitable reasons should preclude the application of *res judicata.*  The Court rejects this request.

[6] Even assuming *res judicata* does not bar the claims, plaintiff's sole federal claim fails. Count Five alleges that C.C.O. § 413.031 violates procedural due process protections of the Fifth and Fourteenth Amendments to the United States Constitution. However, plaintiff does not dispute defendant's assertion that he "may not pursue a Fifth Amendment claim against the city, because the Fifth Amendment applies to the federal government and not to states or their instrumentalities." *Balaban v. City of Cleveland*, 2010 WL 481283 (N.D.Ohio Feb. 5, 2010) (citing *Scott v. Clay County*, 205 F.3d 867, 873 n. 8 (6th Cir.2000) and *Myers v. Village of Alger*, 102 Fed. Appx. 931, 933 (6th Cir.2004)). Nor does plaintiff specifically dispute that other courts have previously held that C.C.O. § 413.031 does not violate procedural due process under the Fourteenth Amendment. *See Balaban, supra, Gardner v. City of Cleveland,* 656 F.Supp2d 751 (N.D.Ohio 2009))

and defendant's Motion for Summary Judgment is granted.

   IT IS SO ORDERED.


                  /s/Patricia A. Gaughan
                  PATRICIA A. GAUGHAN
Date: 8/14/13          United States District Judge